UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RUBEN BAEZ-MANCILLA,

Defendant.

Case No. CR05-5410FDB

ORDER GRANTING DEFENDANT'S MOTION TO SEVER

Before the court is the motion of Defendant Ruben Baez-Mancilla to sever Count 3 from the remaining counts in the Superceding Information. Having reviewed the motion, Plaintiff's opposition, and the balance of the record, the court finds that the motion should be granted.

I.

In February 2006, the United States filed a Superceding Information adding as Count 3, a violation of Title 8 U.S.C. § 1326(a) (Illegal Reentry After Deportation). Count 1 charges Defendant with Conspiracy to Distribute Methamphetamine and Count 2 charges Defendant with Possession with Intent to Distribute Methamphetamine. The arrest underlying Counts 1 and 2 took place on April 5, 2005. Count 3 alleges that the Defendant, an alien and native of Mexico, was previously removed and deported from the United States on or about April 30, 2003 and May 2, 2003. The grand jury charged that Count 3 was "in furtherance of the offense charged in count one."

II.

Rule 8 of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment only if they are "of the same or similar character or are based on the

ORDER - 1

same act or transaction or on two or more transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In addition, the court may order a severance of counts if it appears that a defendant or the government is prejudiced by a joinder of offenses. Fed. R. Crim. P. 14.

Defendant argues that there is no evidence that the counts are connected or constitute a common scheme or plan. Defendant also argues that the prejudicial effect of joinder requires severance. In particular, the danger of prejudice exists in allowing evidence of defendant's alien status because the jury may erroneously conclude that because he is illegal, he is more likely to have committed the other charged crimes. The court agrees.

There is no evidence that the deportation in 2003 and the alleged crimes committed two years later are connected or are part of a common scheme or plan. The United States argues that the Defendant will not be prejudiced, in any event, because the jury will hear about his trips to Mexico and California (as overt acts in the drug conspiracy) and will be aware of his alienage because he will have a Spanish interpreter at the defense table with him. However, evidence of trips to Mexico and the fact that Defendant is a Spanish speaker does not inevitably lead to the conclusion that the trips were made illegally or that Defendant is an illegal alien.

ACCORDINGLY, IT IS ORDERED:

(1)     Defendant's motion to sever count 3 from the Superceding Information (Dkt.#81) is **GRANTED**.


DATED this 13th day of April, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2